QUESTION: May a municipality regulate hitchhiking in no parking or stopping areas of the streets or from the curbs and sidewalks of the municipality?
SUMMARY: Consistent with AGO 072-311, and until legislatively or judicially determined otherwise, no provision of s. 316.008, F. S., including s. 316.008(1)(a) and (g), constitutes statutory recognition of the authority of municipalities to regulate hitchhiking. Thus, since the subject of hitchhiking is "covered by" s. 316.057(5), F.S., municipalities may not regulate hitchhiking unless or until expressly authorized to do so by the legislature. Chapter 316, F.S., the Florida Uniform Traffic Control Law, establishes a uniform system of traffic control statewide. Local authorities (municipalities and counties) are prohibited by s. 316.007 from enacting or enforcing any ordinance "on a matter covered by" Ch. 316, unless expressly authorized. See also s. 316.008, which provides that the provisions of Ch. 316 are not to be deemed to prevent local authorities "with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power" from enacting ordinances upon the subject matters enumerated therein, including "stopping, standing, or parking," and "[r]estricting use of the streets," s.316.008(1)(a) and (g). With respect to the subject of hitchhiking, s. 316.057(5), F.S., prohibits persons from standing in the portion of a roadway "paved for vehicular traffic for the purpose of soliciting a ride, employment, or business from the occupant of any vehicle." This provision was interpreted in AGO 072-311 as prohibiting hitchhiking only when the pedestrian soliciting a ride is doing so upon a portion of a roadway "paved for vehicular traffic," and not otherwise. Thus, it was concluded that the subject of hitchhiking is "covered by" Ch. 316, id., within the purview of s. 316.007; and that, therefore, a municipality cannot regulate hitchhiking unless expressly authorized to do so. As to the statutorily recognized subjects susceptible of local regulation, it was also stated in AGO 072-311 that the regulation of hitchhiking cannot be fairly implied from any provision of s.316.008, F.S. Those provisions of s. 316.008 mentioned in your letter were not specifically treated in AGO 072-311. However, I am of the opinion that the provisions of s. 316.008(1)(a) and (g) as they relate to "stopping, standing or parking" and "[r]estricting the use of streets," respectively, are directed at vehicles and not pedestrians. Thus, for example, the word "standing" within the context of s. 316.008(1)(a) apparently refers to standing vehicles. See ss. 316.097 and 316.124, id., which prohibit persons from leaving unattended vehicles standing in certain circumstances. For express treatment of pedestrians, see s.316.008(1)(q) and (r) which pertains to the regulation of pedestrian crossings. In sum, therefore, I continue to adhere to the ruling of AGO 072- 311 until legislatively or judicially determined otherwise.